IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CRAIG WARREN JACKSON,**

      **Petitioner,**

v.                                **Case No. 3:20cv3628-MCR/MAF**

**MARK S. INCH, Secretary,**
**Florida Department of Corrections,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On February 5, 2020, Petitioner Craig Warren Jackson, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.   On July 30, 2020, Respondent filed an answer and exhibits. ECF No. 8.   Petitioner has not filed a reply, although he was given the opportunity to do so.   *See* ECF Nos. 4, 7, 10.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case.   *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.   For the reasons stated herein, Petitioner is not entitled to federal habeas relief, and the § 2254 petition should be denied.

## Background and Procedural History

By amended information filed April 8, 2015, in Escambia County Circuit Court cases numbered 2014-CF-695 and 2014-CF-696, the State of Florida charged Petitioner Craig Warren Jackson with six counts in connection with events that occurred on or about February 5, 2014:  (1) burglary of an unoccupied dwelling, a second degree felony, in violation of sections 810.02(1)(b) and (3)(b), Florida Statutes; (2) grand theft of a firearm, a third degree felony, in violation of sections 812.014(1)(a)-(b) and (2)(c)5., Florida Statutes; (3) grand theft of $10,000 or more but less than $20,000, a third degree felony, in violation of sections 812.014(1)(a)-(b) and (2)(c)3., Florida Statutes; (4) criminal mischief ($200 or less), a misdemeanor, in violation of section 806.13(1)(a) and (b)1., Florida Statutes; (5) dealing in stolen property by trafficking, a second degree felony, in violation of section 812.019(1), Florida Statutes; and (6) pawnbroker transaction fraud (less than $300), a third degree felony, in violation of section 539.001(8)(b)8.a., Florida Statutes. Ex. A at 16-17; *see id.* at 1-2 (initial information).[1]   Jackson opposed

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 8.

consolidation of the charges, particularly the burglary and theft charges, with the other charges involving the sale of stolen property.   Ex. A at 87.   By order on March 27, 2015, the trial court consolidated the cases for trial.   *Id*. at 172.

Jackson proceeded to a jury trial.   He testified in his defense.   Ex. D at 164-65, 179-93.   On April 7, 2015, the jury found him guilty on all six counts.   Ex. A at 173-74; Ex. D at 283-86.   The court granted a judgment of acquittal on Count 4.   *See* Ex. B at 249.   The court adjudicated him guilty and sentenced him to ten (10) years in prison on Counts 1 and 5, and 94.58 months in prison on Counts 2, 3, and 6, with all the sentences to run concurrent to each other, but consecutive to the sentences Jackson received in other cases.   Ex. B at 249-50, 257-64.

Jackson appealed his judgment and sentence to the First District Court of Appeal (DCA), assigned case number 1D15-2773.   The initial brief raises seven points.   Ex. E.   The State filed an answer brief.   Ex. F.   Jackson's counsel filed a reply.   Ex. G.   In an opinion filed August 22, 2016, the First DCA affirmed Jackson's judgment and sentence, with the exception of holding that his duel convictions for dealing in stolen property and grand theft

violated double jeopardy.   Ex. H; <u>Jackson v. State</u>, 197 So. 3d 653 (Fla. 1st DCA 2016).    Accordingly,  the  First  DCA  remanded  the  case  with instructions  to  vacate  the  grand  theft  conviction.   Jackson, 197 So. 3d at 654.   The mandate issued September 7, 2016.   Ex. I.

On  September  14,  2017,  Jackson  filed  a  motion  for  postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.   Ex. J at 12-27. He  filed  an  amended  motion  on  November  16,  2017.   *Id*. at 28-50.    By order on December 12, 2017, the state post-conviction trial court struck these motions and allowed Jackson an opportunity to amend within sixty (60) days. *Id*. at 74-78.   In the meantime, Jackson had submitted a second amended motion  on  December  7,  2017.   *Id*. at 51-73.   On  December  20,  2017, Jackson filed a motion for clarification.   *Id*. at 79-80.   By order on March 13, 2018, the state post-conviction trial court struck the second amended motion as well, with leave to amend within sixty (60) days.   *Id*. at 82-85.

Jackson filed his third amended postconviction motion on April 5, 2018. Ex. J at 86-110.   By order on November 30, 2018, the state postconviction trial court summarily denied relief.   *Id*. at 111-18 (exclusive of attachments). Jackson appealed and filed an initial brief, pro se, assigned case number

1D19-388.   Ex. K.   In his brief, he raised one point:   "The lower court erred in its summary decision on Grounds One, Three, and Five of Appellant's Third Amended Motion for Postconviction Relief."   *Id*. at ii.   The State did not file an answer brief.   *See* Ex. L.   The First DCA affirmed the case without a written opinion on October 31, 2019.   Ex. M.   Jackson filed a motion for rehearing and for issuance of a written opinion.   Ex. N.   By order on January 7, 2020, the First DCA denied the motion.   *Id*.   The mandate issued on January 28, 2020.   Ex. O.

As indicated above, Jackson filed a § 2254 petition in this Court on February 5, 2020.   ECF No. 1.   He raises ten grounds, five of which allege claims of ineffective assistance of counsel (IAC):

(1) **Trial Court Error – Testimony of Officer Stackpole**:   "The trial court erred in permitting the State to offer testimony of Off. Stackpole to the effect that the defendant had admitted generally that he received and sold stolen property."   ECF No. 1 at 5.

(2) **Trial Court Error – Judgment of Acquittal**: "There was insufficient evidence of value to support the conviction of grand theft" because "[t]he only evidence of value came from the victim and she did not offer evidence of fair market value as required to sustain a conviction of grand theft."   *Id*. at 7.

(3) **Trial Court Error – Admission of Evidence**:   "The trial court erred in admitting a photo of a bag of jewelry after [the]

victim's own testimony established that the greater majority of the jewelry depicted did not belong to the victim in this case."   *Id*. at 9.

(4) **Trial Court Error – Consolidation of Charges**:   "The trial court erred in consolidating the burglary and theft charges with the charges that involved dealing in stolen property."   *Id*. at 10.

(5) **Trial Court Error – Insufficient Evidence**:   "The circumstantial evidence is insufficient to prove the defendant committed burglary or theft."   *Id*. at 11.

(6) **IAC – Motion to Suppress Statements**:   Defense counsel "was ineffective by failing to properly challenge and suppress the pre-Miranda statements made by defendant."   *Id*. at 13.

(7) **IAC – Jury Instructions**:   Defense counsel "was ineffective for failure to request jury instructions on any permissive category two lesser included offenses to the charged crime of burglary or any lesser included on theft or dealing in stolen property."   *Id*. at 15.

(8) **IAC – Motion to Suppress Evidence**:   "Defense counsel was ineffective for failing to file a 'motion to suppress' a bag of jewelry, a crowbar, and common work gloves found at a residence not belonging to or occupied by defendant."   *Id*. at 16.

(9) **IAC – Motion for New Trial**:   "Defense counsel was ineffective for failure to move for new trial upon the First [DCA's] order reversing and remanding the case to the trial court on Double Jeopardy grounds."   *Id*. at 17.

(10) **IAC – Prosecutorial Misconduct**:   Defense counsel "was ineffective for failing to make a contemporaneous objection

to multiple [instances of] prosecutorial misconduct during closing arguments[,] therefore also failing to preserve for appeal review."   *Id*. at 18-19.

Respondent filed an answer, with exhibits.   ECF No. 8.   Jackson has not filed a reply, although he was given the opportunity to do so.   *See* ECF Nos. 4, 7, 10.

## <u>Analysis</u>

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.   Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   *See, e.g.,* <u>Cullen v. Pinholster</u>, 563 U.S. 170, 180-83

(2011); <u>Gill v. Mecusker</u>, 633 F.3d 1272, 1287-88 (11th Cir. 2011). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" <u>Cullen</u>, 563 U.S. at 181 (quoting <u>Harrington v. Richter</u>, 562 U.S. 86, 102 (2011), and <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Id*.

For claims of ineffective assistance of counsel (IAC), the United States Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

<u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the <u>Strickland</u> standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009) (quoting <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007)). "And, because the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* It is a "doubly deferential judicial review that applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard." *Id.*

## <u>Ground 1</u>: Trial Court Error – Testimony of Officer Stackpole

In his first ground, Petitioner Jackson asserts the trial court erred in permitting the prosecutor to present testimony of Officer Stackpole that Jackson had admitted he received and sold stolen property. ECF No. 1 at 5. Jackson raised this claim in state court as the third point in his direct appeal: "The trial court erred in permitting the State to offer testimony of Officer Stackpole to the effect that the Defendant had admitted generally that

he received and sold stolen property to local pawn shops without regard to this specific case."   Ex. E at i; *see id*. at 13-18.   The First DCA affirmed on this point.

Importantly, as an initial matter, it does not appear that Jackson exhausted this particular ground as a federal claim.   During the trial, when defense counsel objected to Detective Stackpole testifying about the interview with Jackson, defense counsel did not reference federal law.   *See* Ex. C at 58-60.   Jackson's appellate initial brief cites only state case and statutory law, specifically sections 90.403 and 90.404, Florida Statutes, and Florida Evidence by Charles Ehrhardt.   Ex. E at i, 13-18; *see id*. at ii-iii. Because Jackson thus did not alert the state courts to the federal ground he now asserts, this ground was not fairly presented as a federal claim and is unexhausted.   *See* Baldwin v. Reese, 541 U.S. 27, 32 (2004) (holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so"); Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457-58 (11th Cir. 2015) ("The crux of the exhaustion requirement is simply that the petitioner must have put the state

court on notice that he intended to raise a federal claim."); *see also* O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 278 (1971).   It is procedurally defaulted because Jackson cannot obtain another direct appeal.   *See* O'Sullivan, 526 U.S. at 845.   Jackson has not alleged or shown cause for the default and actual prejudice, nor has he alleged or shown actual innocence or a fundamental miscarriage of justice.   *See id*. at 848-49; *see, e.g.*, Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (explaining cause and prejudice, and correction of fundamental miscarriage of justice); Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001) ("[I]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of just exception is applicable.").

Even assuming Jackson did exhaust this ground, it does not warrant habeas relief.   He essentially raises a claim of state law error, specifically a state trial court evidentiary ruling.   "[F]ederal habeas corpus relief does not lie for errors of state law."   Lewis v. Jeffers, 497 U.S. 764, 780 (1990); *see* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (explaining that errors that do

not infringe on defendant's constitutional rights provide no basis for federal habeas corpus relief).   "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."   Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); *accord, e.g.*, McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992).   "Indeed, the general rule is that a federal court will not review a trial court's actions with respect to the admission of evidence." Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983).   "A state evidentiary violation in and of itself does not support habeas corpus relief" and "[b]efore such relief may be granted, the violation must rise to the level of a denial of 'fundamental fairness.'" *Id.*; *see* Jacobs v. Singletary, 952 F.2d 1282, 1296 (11th Cir. 1992) ("We review state court evidentiary rulings on a petition for habeas corpus to determine only 'whether the error, if any, was of such magnitude as to deny petitioner his right to a fair trial.' . . . Erroneously admitted evidence deprives a defendant of fundamental fairness only if it was a 'crucial, critical, highly significant factor' in the [defendant's] conviction." (citations omitted)).

A review of the record reflects that admission of the challenged evidence in this case does not appear erroneous under Florida state law.

Jackson was charged, in Count 5, with dealing in stolen property, a violation of section 812.019(1), Florida Statutes.   *See* Ex. A at 17; § 812.019(1), Fla. Stat. (2013) ("Any person who traffics in, or endeavors to traffic in, property that he or she knows or should know was stolen shall be guilty of a felony of the second degree . . . .").   At trial, the victim testified regarding the circumstances of the burglary and theft, as well as the items that were taken from her home on February 5, 2014.   Ex. C at 74-98.   Two pieces of the victim's jewelry were pawned by Jackson on February 5, 2014, within three hours of the burglary, and recovered from the pawn shop.   *Id*. at 74-79; Ex. D at 104, 117, 119-21, 124-25.   Approximately two weeks later, when officers arrested Jackson, he admitted to Detective Stackpole "that he had received and sold stolen property."   Ex. D at 141-44.   At the time of his arrest, officers found inside Jackson's part-time residence gloves, a crowbar, and a plastic bag containing jewelry, "a lot" of which the victim identified as hers.   Ex. C at 55; Ex. D at 103, 143-44, 196-206.

Jackson asserts his statement to Stackpole should not have been admitted because he could have been talking about some other property, not the property involved in this case, and thus, it constitutes inadmissible evidence "solely for the purpose of showing propensity or bad character."

ECF No. 1 at 6.   Even assuming the statement references "some other property," however, his statement was relevant to prove he knew the jewelry was stolen when he pawned it, contrary to his defense at trial that he had no idea the jewelry was stolen.   *See* §§ 90.401 ("Relevant evidence is evidence tending to prove or disprove a material fact."), .402 ("All relevant evidence is admissible, except as provided by law."), .403 ("Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence."), .404(2)(a) ("Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity."), Fla. Stat. (2013).   The jury could have reasonably inferred Jackson's statement related to the charged offense.   Therefore, the trial court did not abuse its discretion in allowing the statement into evidence.

Petitioner Jackson has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.   *See*

28 U.S.C. § 2254(d)(1)-(2).   Accordingly, if considered on the merits, this ground should be denied.

### Ground 2:   Trial Court Error – Judgment of Acquittal

In his second ground, Petitioner Jackson asserts insufficient evidence supports his conviction for grand theft and the trial court should have granted a judgment of acquittal (JOA) because "[t]he only evidence of value came from the victim and she did not offer evidence of fair market value as required to sustain a conviction of grand theft."   ECF No. 1 at 7.   Jackson raised this claim in state court as the fourth point in his direct appeal:   "There was insufficient evidence of value to support the conviction for grand theft."   Ex. E at i; *see id*. at 19-21.

Importantly, although the First DCA evidently affirmed on this point, the First DCA also found merit to Jackson's "claim that his dual convictions for dealing in stolen property and grand theft (of $10,000 or more but less than $20,000) violate principles of double jeopardy."   Jackson, 197 So. 3d at 654. Accordingly, the First DCA remanded the case with instructions to vacate the grand theft conviction.   *Id*.   Thus, it appears this ground need not be considered.

If considered, as with Ground 1, it does not appear that Jackson

exhausted this ground as a federal claim. During the trial, when defense counsel moved for a JOA, defense counsel did not reference federal law. *See* Ex. D at 156-58, 162-64. Jackson's appellate initial brief cites only state case law. Ex. E at 19-21; *see id*. at ii-iii. Because Jackson thus did not alert the state courts to the federal ground he now asserts, this ground was not fairly presented as a federal claim and is unexhausted. *See* Baldwin, 541 U.S. at 32; Preston, 785 F.3d at 457-58; *see also* O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; Picard, 404 U.S. at 278. It is procedurally defaulted because Jackson cannot obtain another direct appeal. *See* O'Sullivan, 526 U.S. at 845. Jackson has not alleged or shown cause for the default and actual prejudice, nor has he alleged or shown actual innocence or a fundamental miscarriage of justice. *See id*. at 848-49; *see, e.g.*, Henderson, 353 F.3d at 892; Smith, 256 F.3d at 1138.

Even assuming Jackson did exhaust this ground as a federal claim, it does not warrant federal habeas relief. The State presented sufficient evidence, viewed in the light most favorable to the prosecution, for the jury to conclude Jackson committed grand theft. *See* Jackson v. Virginia, 443 U.S. 307, 319 (1979). "In determining whether the facts of a particular case satisfy the Jackson standard, it is necessary to refer to the essential

elements of the crimes as defined by state law."   Wilcox v. Ford, 813 F.2d

1140, 1143 (11th Cir. 1987).   The Eleventh Circuit has explained:

> In reviewing a challenge to the sufficiency of the evidence this court must take the evidence in the light most favorable to the government. Hamling v. United States, 418 U.S. 87 . . . (1974).   Credibility choices and the weighing of evidence must be resolved in favor of the jury's verdict.   Glasser v. United States, 315 U.S. 60 . . . (1942).   In short, so long as a reasonable juror could conclude that the evidence, viewed with all reasonable inferences drawn in favor of the government, established the defendant's guilt beyond a reasonable doubt, then the conviction will withstand a sufficiency challenge.   It is not necessary, however, that every hypothesis of innocence be disproven as the jury "is free to choose among reasonable constructions of the evidence."   United States v. Vera, 701 F.2d 1349, 1357 (11th Cir. 1983) (quoting United States v. Bell, 678 F.2d 547, 549 (5th Cir., Unit B 1982) (en banc) . . . .

United States v. Funt, 896 F.2d 1288, 1291-92 (1990).   Further, in reviewing

the denial of a JOA motion,

> "The question is whether reasonable minds could have found guilt beyond a reasonable doubt, not whether reasonable minds must have found guilt beyond a reasonable doubt."   United States v. Bacon, 598 F.3d 772, 775 (11th Cir. 2010) (quoting United States v. Ellisor, 522 F.3d 1255, 1271 (11th Cir. 2008)) (emphasis in original omitted).   Accordingly,

>> [i]t is not necessary for the evidence to exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt. . . .   The jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial, and the court must accept all reasonable inferences and credibility

determinations made by the jury.

> United States v. Garcia, 447 F.3d 1327, 1334 (11th Cir. 2006) (internal quotations and citations omitted).  We are "bound by the jury's credibility choices, and by its rejection of the inferences raised by the defendant."   United States v. Peters, 403 F.3d 1263, 1268 (11th Cir. 2005) . . . .

United States v. Broughton, 689 F.3d 1260, 1276-77 (11th Cir. 2012).   In moving for a judgment of acquittal, the movant admits every conclusion favorable to the adverse party that a jury might fairly infer from the evidence. *E.g.*, Lynch v. State, 293 So. 2d 44, 45 (Fla. 1974).

In addition, under Florida law, "an owner is generally presumed as competent to testify to the value of his stolen property."   Taylor v. State, 425 So. 2d 1191, 1193 (Fla. 1st DCA 1983).   Further, "while market value at the time of theft is the applicable test, purchase price and 'other circumstances' can be sufficient evidence of market value in the appropriate case."   Pickles v. State, 313 So. 2d 715, 717 (Fla. 1975).

Here, the victim testified that she made a list of the items stolen in the burglary and those items consisted mostly of jewelry.   Ex. C at 84.   She testified as to the items on the list, including a jade bracelet, three pearl necklaces, pearl earrings, emerald earrings, two diamond necklaces, a watch, an antique (100 years old) 1-carat diamond platinum engagement

ring, sterling silver earrings, a Tiffany bracelet, a silver cigarette lighter, a UCLA class ring, an engraved antique silver pocket watch, a gold Star of David pendant, a gold necklace, a silver necklace, an iPad, and other jewelry items.   *Id*. at 84-96.   She testified that the engagement ring alone had been appraised at $7,150, although her insurance company paid her only $5,500 for it.   *Id*. at 97-98.   She testified that, based on her estimate of the value of the stolen items, she submitted a claim to the insurance company for over $20,000, but "in the end we got somewhere over $12,000 back."   *Id*. at 98.

Based on the foregoing, the evidence presented at trial, when viewed under the appropriate tests, was sufficient for to establish the times stolen were valued at more than $10,000.   Thus, the trial court did not err in denying the JOA motion and allowing the grand theft charge to go to the jury.

Petitioner Jackson has not shown that the state court's rejection of this claim involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.   *See* 28 U.S.C. § 2254(d)(1)-(2).   Accordingly, this claim should be denied.

### Ground 3:   Trial Court Error – Admission of Evidence

In his third claim, Petitioner Jackson argues "[t]he trial court erred in admitting a photo of a bag of jewelry after [the] victim's own testimony

established that the greater majority of the jewelry depicted did not belong to the victim in this case." ECF No. 1 at 9. Jackson raised this claim, or a substantially similar one, in state court as the fifth point in his direct appeal: "The trial court erred in admitting a photo of a bag of jewelry when there was no showing that all of the jewelry depicted belong to the victim in this case." Ex. E at i; *see id*. at 22-25. The First DCA affirmed on this point.

As with Grounds 1 and 2, *supra*, it does not appear that Jackson exhausted this ground as a federal claim. During the trial, when defense counsel objected to the photo of the jewelry, defense counsel did not reference federal law. *See* Ex. C at 49-, 162-63. Jackson's appellate initial brief cites only state case law. Ex. E at 22-25; *see id*. at ii-iii. Because Jackson thus did not alert the state courts to the federal ground he now asserts, this ground was not fairly presented as a federal claim and is unexhausted. *See* Baldwin, 541 U.S. at 32; Preston, 785 F.3d at 457-58; *see also* O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; Picard, 404 U.S. at 278. It is procedurally defaulted because Jackson cannot obtain another direct appeal. *See* O'Sullivan, 526 U.S. at 845. Jackson has not alleged or shown cause for the default and actual prejudice, nor has he alleged or shown actual innocence or a fundamental miscarriage of justice.

*See id*. at 848-49; *see, e.g.*, Henderson, 353 F.3d at 892; Smith, 256 F.3d at 1138.

Even assuming Jackson did exhaust this ground as a federal claim, it does not warrant habeas relief.   As with Ground 1, *supra*, in this ground he essentially raises a claim of state law error, specifically a state trial court evidentiary ruling.   "[F]ederal habeas corpus relief does not lie for errors of state law."   Lewis, 497 U.S. at 780; *see* Estelle, 502 U.S. at 67-68 (explaining that errors that do not infringe on defendant's constitutional rights provide no basis for federal habeas corpus relief).   "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."   Carrizales, 699 F.2d at 1055 (11th Cir. 1983); *accord, e.g.*, McCullough, 967 F.2d at 535. "Indeed, the general rule is that a federal court will not review a trial court's actions with respect to the admission of evidence."   Shaw, 695 F.2d at 530. "A state evidentiary violation in and of itself does not support habeas corpus relief" and "[b]efore such relief may be granted, the violation must rise to the level of a denial of 'fundamental fairness.'" *Id*.; *see* Jacobs, 952 F.2d at 1296 ("We review state court evidentiary rulings on a petition for habeas corpus to determine only 'whether the error, if any, was of such magnitude as to deny

petitioner his right to a fair trial.' . . . Erroneously admitted evidence deprives a defendant of fundamental fairness only if it was a 'crucial, critical, highly significant factor' in the [defendant's] conviction." (citations omitted)).

Moreover, a review of the record reflects that admission of the challenged evidence in this case does not appear erroneous under Florida state law.   As referenced in the analysis of Ground 1, *supra*, the victim testified at trial regarding the circumstances of the burglary and theft, as well as the items that were taken from her home on February 5, 2014.   Ex. C at 74-98.   Two pieces of the victim's jewelry were pawned by Jackson on February 5, 2014, within three hours of the burglary, and recovered from the pawn shop.   *Id*. at 74-79; Ex. D at 104, 117, 119-21, 124-25.   At the time of Jackson's arrest, officers found inside Jackson's part-time residence gloves, a crowbar, and a plastic bag containing jewelry, "a lot" of which the victim identified as hers.   Ex. C at 55; Ex. D at 103, 143-44, 196-206.   It is a photograph of the plastic bag containing jewelry to which defense counsel objected:

> My objection . . . is that the jewelry photographed is not necessarily the same jewelry that Ms. Gerson [the victim] identified as hers . . . . And the problem with that is, you know, some of this jewelry might be his, some of it might have come from the other incidents, and I don't want him being convicted in this case because of evidence from another case.   And I think

it's improper, and I think because it includes a lot of jewelry from – that Ms. Gerson hasn't identified as completely belonging to her, I think – I don't think it's relevant, think it's prejudicial.

Ex. C at 49.    The trial judge overruled the objection and allowed the photograph, explaining:

> If [Detective Stackpole] is going to say that the – that the jewelry that is the subject of this case was in these bags, thereby linking it to that house, then I'm going to allow him to do it.   I'm not, however, going to allow Mr. Williams [the prosecutor] to make a feature of the trial or argue anything other than the stolen property that she [the victim] identified.

*Id*. at 55.    Nothing indicates the judge abused her discretion, as the photograph depicted a bag of jewelry found at Jackson's residence, and that bag included jewelry stolen from the victim.    *See* Ex. D at 142-43.

Petitioner Jackson has not shown that the state court's rejection of this claim involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.    *See* 28 U.S.C. § 2254(d)(1)-(2).    Accordingly, this claim should be denied.

### <u>Ground 4</u>:   Trial Court Error – Consolidation of Charges

In his fourth claim, Petitioner Jackson argues "[t]he trial court erred in consolidating the burglary and theft charges with the charges that involved dealing in stolen property."   ECF No. 1 at 10.   Jackson raised this claim in state court as the sixth point in his direct appeal.   Ex. E at i; *see id*. at 26-

31.   The First DCA affirmed on this point.

As with Grounds 1, 2, and 3, *supra*, it does not appear that Jackson exhausted this ground as a federal claim.   In objecting to the State's motion to consolidate, Ex. A at 156, defense counsel did not reference federal law, *see id*. at 89-90, 159-61.   The trial judge overruled the defense objection and granted the State's motion.   *Id*. at 161; *see id*. at 91.

Even assuming Jackson did exhaust this ground as a federal claim, it does not warrant federal habeas relief.   Nothing indicates the trial court abused its discretion, or otherwise erred, in overruling defense counsel's objection to the consolidation of the charges for trial.   Under Florida law, "[a] trial court's decision on consolidation and severance is reviewed for an abuse of discretion."   Fletcher v. State, 168 So. 3d 186, 202 (Fla. 2015). The Florida Supreme Court has explained:

> There must be a meaningful relationship between or among charges before they can be tried together.   In other words, the crimes must be linked in some significant way. Whether acts or transactions are connected is considered in an episodic sense.   Courts may consider whether the acts or transactions are temporally or geographically associated, the nature of the crimes, and the manner in which they are committed.
>
> When a defendant engages in a crime spree uninterrupted by any significant period of respite between the individual offenses, the crimes are considered to be connected and a single

> uninterrupted episode. Additionally, even where there is a significant lapse of time, if there is a causal link – one crime is used to induce the other – then consolidation is appropriate.

*Id*. at 202-03 (citations omitted); *see* Fla. R. Crim. P. 3.151 (Consolidation of Related Offenses).

The state court record reflects that the items stolen from the victim's home were pawned less than four hours later, at a pawn shop that was about a 30- to 40-minute drive from the victim's home. *See* Ex. C at 73-76, 79, 85-101; Ex. D at 119-21, 124-25. The trial court thus had a reasonable basis to conclude the burglary and pawn shop transaction constituted parts of "a single and uninterrupted criminal spree, and occurred within a close temporal and geographic proximity," Fletcher, 168 So. 3d at 203, and did not abuse its discretion in granting the State's motion to consolidate the charges.

Petitioner Jackson has not shown that the state court's rejection of this claim involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, this claim should be denied.

### <u>Ground 5</u>: Trial Court Error – Insufficient Evidence

In his fifth claim, Petitioner Jackson argues "[t]he circumstantial evidence is insufficient to prove [he] committed burglary or theft." ECF No.

1 at 11.   Jackson raised this claim in state court as the seventh point in his

direct appeal.   Ex. E at i; *see id*. at 32-35.   The First DCA affirmed on this

point.

As with Grounds 1 through 4, *supra*, it does not appear that Jackson

exhausted this ground as a federal claim. During the trial, when defense

counsel renewed his JOA motion, at the conclusion of the presentation of

evidence, defense counsel did not reference federal law:

> Your Honor, at this time, I would renew my motion for
> judgment of acquittal, especially when it comes to the first four
> counts where it is circumstantial.   Mr. Jackson has given a
> reasonable explanation of how he obtained the goods, and he
> purchased them, that these people told them [sic] they were
> getting them from storage lockers, even though he didn't know
> that they weren't getting them from home burglaries.   He didn't
> know that at the time.
>
> And any link to him because that property, I think, was all
> circumstantial, was given a reasonable hypothesis of innocence
> that the State hasn't – again, just hasn't negated.   As far as the
> dealing in stolen property and the transaction fraud, just going to
> renew my argument from before.   They haven't given evidence
> that he should have known it was stolen.   He testified he didn't
> know at the time, and what counts is at the time he pawned the
> stuff, not at the time they told him what he was under arrest for.

Ex. D at 216-17.   The judge denied the motion.   *Id*. at 217.   Jackson's

appellate initial brief cites only state case law.   Ex. E at 32-35; *see id*. at ii-

iii.   Because Jackson thus did not alert the state courts to the federal ground

he now asserts, this ground was not fairly presented as a federal claim and is unexhausted.   *See* Baldwin, 541 U.S. at 32; Preston, 785 F.3d at 457-58; *see also* O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; Picard, 404 U.S. at 278.   It is procedurally defaulted because Jackson cannot obtain another direct appeal.   *See* O'Sullivan, 526 U.S. at 845.   Jackson has not alleged or shown cause for the default and actual prejudice, nor has he alleged or shown actual innocence or a fundamental miscarriage of justice. *See id*. at 848-49; *see, e.g.*, Henderson, 353 F.3d at 892; Smith, 256 F.3d at 1138.

Even assuming Jackson did exhaust this ground as a federal claim, it does not warrant habeas relief.   As explained in the analysis of Grounds 1 and 3, *supra*, the victim testified at trial regarding the circumstances of the burglary and theft, as well as the items that were taken from her home on February 5, 2014.   Ex. C at 74-98.   Two pieces of the victim's jewelry were pawned by Jackson on February 5, 2014, within three hours of the burglary, and recovered from the pawn shop.   *Id*. at 74-79; Ex. D at 104, 117, 119-21, 124-25.   At the time of Jackson's arrest, officers found inside Jackson's part-time residence gloves, a crowbar, and a plastic bag containing jewelry, "a lot" of which the victim identified as hers.   Ex. C at 55; Ex. D at 103, 143-

44, 196-206.   The State thus presented sufficient evidence, viewed in the light most favorable to the prosecution, for the jury to find Jackson guilty of the charged offenses.

Petitioner Jackson has not shown that the state court's rejection of this claim involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.   *See* 28 U.S.C. § 2254(d)(1)-(2).   Accordingly, this claim should be denied.

### <u>Ground 6</u>:   IAC – Motion to Suppress Statements

In his sixth claim, Petitioner Jackson argues his trial counsel provided ineffective assistance by not properly challenging and seeking to suppress the pre-<u>Miranda</u> statements he made.   ECF No. 1 at 13.   Jackson raised this claim in the first ground of his third amended Rule 3.850 motion.   *Id.*; *see* Ex. J at 88-90.   The state post-conviction trial court summarily denied the claim, making the following findings:

> In his first claim, Defendant alleges that his counsel was ineffective for failing to "properly challenge and suppress" his pre-Miranda statements.   He asserts that his attorney would not allow him to testify during the suppression hearing that "when the police sat down to talk to the defendant in the interrogation room, the officer told the defendant that '[he] just had a few questions for him, as did the other police officer, and that [the defendant] did not need to be Mirandized."   He further asserts that "[b]ecause the room was locked and the officer[s] did not tell the defendant that he was free to leave at any time; nor that he did

not have to answer the questions, the defendant reasonably believed that he was being detained or arrested."   Had he been allowed to testify to these facts, Defendant asserts that the jury would not have been allowed to "see" the interrogation and the result of his trial would have been different.

> As an initial matter, the record does not show that the jury was allowed to "see" any statements given by Defendant.   The statements at issue were contained on CDs, and no CDs were admitted at trial.   Counsel did file a motion to suppress Defendant's statements, which covered this case and several other cases, and the State conceded at the hearing on that motion that certain statements should be suppressed. Detective Stackpole only testified orally to one generalized statement by Defendant given post-<u>Miranda</u>.   Furthermore, Defendant has failed to show specific prejudice in that he has not shown that the successful suppression of his statements would have rendered a different result at his trial, given the remaining evidence.   Defendant is not entitled to relief on the basis of his first claim.

Ex. J at 113-14 (footnotes omitted).   On appeal, the First DCA affirmed without a written opinion.   The First DCA's summary affirmance is an adjudication on the merits entitled to deference under 28 U.S.C. § 2254(d). *See* <u>Richter</u>, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").   A review of the record supports the state courts' determination.   *See* <u>Wilson v. Sellers</u>, -- U.S. --, 138 S. Ct. 1188, 1192 (2018) ("We hold that the federal court

should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale.   It should then presume that the unexplained decision adopted the same reasoning.").

The record supports the post-conviction court's determination that the statements at issue were on a CD and no CDs were admitted into evidence at the trial.   *See* Ex. C at 2, 79; Ex. D at 119, 146-47, 166; Ex. J at 350. Thus, contrary to Jackson's assertions, the jurors did not "see" his statements.

In addition, the record supports the post-conviction court's determination that defense counsel did file a motion to suppress Jackson's statements, Ex. A at 55-58, and the State conceded at the hearing on that motion, held January 29, 2015, that certain statements should be suppressed, Ex. A at 64, 70.   The record also supports the court's finding that, during the trial, Detective Stackpole only testified orally to one generalized statement by Defendant given post-<u>Miranda</u>.   Specifically, Detective Stackpole testified on direct:

> Q.   Now, this same day that the search occurred and the defendant was arrested, did you have contact with them [sic] and speak with them [sic]?
>
> A.   Yes, I did.

Q.   Did you ask him questions in regard to this case?

A.   I don't remember if it was specifically about this case, but I did ask him in – in reference to, you know –

Q.   Yeah.   I'll ask this way:   He was under arrest; correct?

A.   Correct.

Q.   And he had been told he was arrested for property crimes; correct?

A.   Correct.

Q.   What did he tell you in response to your question to him?

A.   Basically that he had received and sold stolen property.

Ex. D at 143-44.

Petitioner Jackson has not shown that the state court's rejection of this claim involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.   *See* 28 U.S.C. § 2254(d)(1)-(2).   Accordingly, this claim should be denied.

### <u>Ground 7</u>:   **IAC – Jury Instructions**

In his seventh claim, Petitioner Jackson asserts his trial counsel provided ineffective assistance by not requesting "jury instructions on any permissive category two lesser included offenses to the charged crime of burglary or any lesser included on theft or dealing in stolen property."   ECF

No. 1 at 15.   Jackson raised this claim as the second ground in his third

amended Rule 3.850 motion.   Ex. J at 91-93.   The state post-conviction

trial court summarily denied the claim, making the following findings:

> In his second ground, Defendant alleges that his counsel was ineffective for failing to request jury instructions on any permissive lesser-included offenses to the charged crimes of burglary, theft, and dealing in stolen property.   As prejudice, he states that this "unreasonable strategy invaded the providence (sic) of the jury in exercising their pardoning power."
>
> Defendant's claim is without merit, as <u>Strickland</u> prejudice cannot be shown.   As the Supreme Court of Florida has explained:
>
> > In these cases, we consider jury pardons, not in the context of direct appeals, but in the context of defendants seeking postconviction relief due to counsel's alleged ineffectiveness.   In considering this issue, we assume that an allegation that counsel failed to request an instruction on a lesser-included offense adequately states a claim of deficient performance.   That is, at least the defendant is entitled to an evidentiary hearing on that element. The more problematic issue is whether, in such cases, a defendant can sufficiently allege prejudice.
> >
> > As stated above, to prove that counsel's deficient performance prejudiced the defense, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694, 104 S. Ct. 2052.   "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. However, any finding of prejudice resulting from

defense counsel's failure to request an instruction on lesser-included offenses necessarily would be based on a faulty premise: that a reasonable probability exists that, if given the choice, a jury would violate its oath, disregard the law, and ignore the trial court's instructions. As did the district court in <u>Sanders</u>, we, too, have difficulty accepting the proposition that there is even a substantial *possibility* that a jury which has found every element of an offense proved beyond a reasonable doubt, would have, given the opportunity, ignored its own findings of fact and the trial court's instruction on the law and found a defendant guilty of only a lesser included offense. 847 So. 2d at 507 (quoting <u>Hill</u>, 788 So. 2d at 319). As the Court warned in <u>Strickland</u>, a defendant has no entitlement to an aberrant jury – "the luck of a lawless decisionmaker." 466 U.S. at 695, 104 S. Ct. 2052. Thus, the defendants do not raise any issue that would undermine our confidence in their convictions. That is, they assert no error – either by their defense counsel or by the judge at trial – that calls into question the jury's determination that they were guilty, beyond a reasonable doubt, of the crimes charged. **The possibility of a jury pardon cannot form the basis for a finding of prejudice**.

> <u>Sanders v. State</u>, 946 So. 2d 953, 959-60 (Fla. 2006) (emphasis added).

> Consequently, Defendant is not entitled to relief on the basis of his second claim.

Ex. J at 114-15. On appeal, the First DCA affirmed without an opinion, an

adjudication on the merits entitled to deference under 28 U.S.C. § 2254(d).

*See* <u>Richter</u>, 562 U.S. at 99.

Importantly, however, in the brief he filed in his state court appeal from the denial of his Rule 3.850 motion, Jackson challenged the denial of only Grounds 1, 3, and 5 of his motion.   *See* Ex. K.   In the First DCA, an appellant who files a brief when appealing a summarily denied postconviction motion, as Jackson did here, is required to address all arguments in his brief that he wishes to preserve for appellate review.   See Watson v. State, 975 So. 2d 572, 573 (Fla. 1st DCA 2008); *see also* Roderick v. State, 284 So. 3d 1152, 1154 (Fla. 1st DCA 2019); Cook v. State, 638 So. 2d 134, 135 (Fla. 1st DCA 1994).   If an appellant does not file a brief, the appellate court is required to investigate all possible means of relief.   *See* Watson, 975 So. 2d at 573 n.1; *see also* Fla. R. App. P. 9.141(b)(2).

A federal habeas petitioner must "fairly present" his claim in each appropriate state court in order to alert the state courts to the federal nature of the claim and to allow the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."   Duncan, 513 U.S. at 365-66 (quoting Picard, 404 U.S. at 275 (citation omitted)); *see* O'Sullivan, 526 U.S. at 845 (1999); Picard, 404 U.S. at 277-78.   "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court

conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan, 526 U.S. at 845. Because Jackson abandoned any challenge to the denial of his second ground by not presenting in the brief he filed in his Rule 3.850 appeal, he did not properly exhaust this claim in state court and he is now procedurally defaulted as he has not shown cause for and prejudice from the default. *See* O'Sullivan, 526 U.S. at 842 ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."); *see also, e.g*., Smith, 256 F.3d at 1138 ("[I]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable.").   Accordingly, this Court may decline to review the merits of his defaulted claim.   See, e.g., Philmore v. McNeil, 575 F.3d 1251, 1265 (11th Cir. 2009) ("As Philmore has failed to show cause and prejudice to excuse his procedural default, we may not review the merits of his defaulted claim. No exception to this rule applies here as Philmore does not assert that our failure to review his claim will result in a fundamental miscarriage of justice. We therefore affirm the district court's denial of habeas relief on this issue."

(citations omitted)).   *See also, e.g.*, McDonald v. Inch, No. 3:18cv2056-RV/EMT, 2019 WL 6312862 at \*6 (N.D. Fla. Oct. 22, 2019) (report and recommendation by magistrate judge explaining McDonald had appealed the summary denial of his Rule 3.850 motion "but in his brief he expressly stated he did not seek appellate review of the circuit court's denial of his [IAC] claim concerning defense counsel's failure to strike jurors Deisler and Szilvasy" and, thus, "[h]aving chosen to abandon any argument that the circuit court erred in summarily denying Ground One with respect to counsel's failure to strike jurors Deisler and Szilvasy, McDonald failed to invoke the state court's established appellate review process as to those claims, and thus failed to exhaust them."), *adopted by* 2019 WL 6307621 (N.D. Fla. Nov. 25, 2019) (order by district judge); Bolling v. Jones, No. 3:13cv473-MCR/CJK, 2015 WL 6769103 at \*14-15 (N.D. Fla. Oct. 16, 2015) (report and recommendation of magistrate judge explaining Bolling procedurally defaulted third ground, barring federal habeas review, where "Petitioner's postconviction appellate brief presented substantive arguments as to the circuit court's rejection of Grounds One and Two above, but the brief made no substantive argument as to the circuit court's rejection of Ground Three" and "Petitioner's having chosen not to argue that the lower

court erred in summarily denying Ground Three of his amended postconviction motion (and federal habeas petition), he failed to invoke the state court's established appellate review process as to that claim"), *adopted by* 2015 WL 6758189 (N.D. Fla. Nov. 5, 2015) (order by district judge).

If considered, the record and case law support the state courts' determination on this claim.   *See* Wilson, 138 S. Ct. at 1192.   In particular, as the state post-conviction court explained, the Florida Supreme Court has held that "[t]he possibility of a jury pardon cannot form the basis for a finding of prejudice" under Strickland.   Sanders, 946 So. 2d at 960.   Because Jackson cannot show prejudice, the state court did not err in finding he was not entitled to relief on this claim.

Petitioner Jackson has not shown that the state court's rejection of this claim involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.   *See* 28 U.S.C. § 2254(d)(1)-(2).   This ground should be denied.

### Ground 8:   IAC – Motion to Suppress Evidence

In his eighth claim, Petitioner Jackson argues trial counsel provided ineffective assistance because he did not file "a 'motion to suppress' a bag of jewelry, a crowbar, and common work gloves found at a residence not

belonging to or occupied by defendant."   ECF No. 1 at 16.   Jackson raised

this claim as the third ground in his third amended Rule 3.850 motion.   Ex.

J at 94-101.   The state post-conviction trial court summarily denied the

claim, making the following findings:

> In his third claim, Defendant alleges that his counsel was
> ineffective for failing to move to suppress a bag of jewelry, a
> crowbar, and a pair of common work gloves found "at [a]
> residence not belonging to or occupied by the defendant."   He
> argues that the jewelry could not be identified by the victim, "the
> crowbar was a different size, weight and dimension, and
> especially a different 'brand' than a crowbar wrapper found at the
> scene of the crime, and the gloves were simply everyday work
> gloves."   He concludes that there was "no nexus" between these
> items and the crime, and that the probative value of the times
> was far outweighed by the prejudice.   The bag of jewelry was
> found at the home of a friend of Defendant's, to which the police
> had followed Defendant on another occasion.   The crowbar and
> gloves were found at the same location.   Defendant alleges that
> had counsel moved to suppress these items, the motion would
> have been granted, and a "motion to dismiss would have
> followed and most likely prevailed."   Whether or not a motion to
> dismiss was successful, Defendant asserts that without these
> items, the State's case was so weak that "there was no chance
> it would have prevailed."
>
> Defendant has failed to state any viable legal basis for
> suppressing this evidence.   Failure to file a motion to suppress
> evidence is not ineffective assistance of counsel where existing
> case law does not require suppression.   *See* Ramos v. State,
> 559 So. 2d 705, 706 (Fla. 4th DCA 1990).   Counsel did
> challenge the relevance of the items at issue, and the potential
> for prejudice prior to trial, but was ultimately unsuccessful.
> Detective Stackpole testified to finding the bag of jewelry and
> taking it to the police station, and the victim testified that she was

> able to identify items of her jewelry at the police station. Furthermore, counsel made several points on her examination of Defendant regarding the common nature of the crowbar and gloves, and Defendant testified that he did not own a crowbar matching the brand of the wrapper found at the scene. Defendant has not shown deficient performance, and he is not entitled to relief on this basis.

Ex. J at 115-16.   On appeal, the First DCA affirmed without an opinion, an adjudication on the merits entitled to deference under 28 U.S.C. § 2254(d). *See* Richter, 562 U.S. at 99.   The record supports the state courts' determination.   *See* Wilson, 138 S. Ct. at 1192.

In particular, the record supports the post-conviction court's determination that defense counsel did challenge, prior to the trial, the relevance of the times at issue and the potential for prejudice, but did not prevail.   As the post-conviction court found, Jackson has not shown a viable basis for suppression of the evidence; indeed, the evidence was relevant. *See* § 90.401, Fla. Stat. (2014) (defining "relevant evidence" as "evidence tending to prove or disprove a material fact").   A trial judge has great discretion in determining whether the probative value of evidence is outweighed by unfair prejudice.   *See, e.g.*, State v. McClain, 525 So. 2d 420, 422 (Fla. 1988); Harris v. State, 449 So. 2d 892, 897 (Fla. 1st DCA 1984); *see also* § 90.403, Fla. State (2014).

Here, the trial judge determined the evidence was admissible. The jury determined the weight of the evidence. *See, e.g.*, <u>Fast v. State</u>, 193 So. 2d 210, 211 (Fla. 3d DCA 1967) ("Credibility of the witnesses and the weight to be given the evidence were questions for decision only by the jury."). Defense counsel argued to the jury that they should not give the evidence much weight; the jurors disagreed, as was their right. That the jury rejected the defense argument, however, does not render defense counsel's performance ineffective.

Petitioner Jackson has not shown the state court's rejection of this claim was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). This claim should be denied.

### <u>Ground 9</u>:   IAC – Motion for New Trial

In his ninth claim, Petitioner Jackson asserts his trial counsel provided ineffective assistance because counsel did not "move for a new trial upon the First [DCA's] order reversing and remanding the case to the trial court on Double Jeopardy grounds." ECF No. 1 at 17. Jackson raised this claim as

the fourth ground in his third amended Rule 3.850 motion.   Ex. J at 102-04.

The state post-conviction trial court summarily denied the claim, making the

following findings:

> In his fourth claim, Defendant alleges that his counsel was ineffective for failing to move for a new trial when the First District Court of Appeal ordered that his grand theft conviction be vacated.   This was necessary, he alleges, because the evidence regarding the grand theft "infected the trial with inferences of guilt on non-Williams rule evidence of a collateral crime."   Defendant asserts that "it is highly probable that the jury was swayed on all the other counts based on this injurious admittance of collateral crimes evidence."

> Defendant has shown no basis for relief.   As evidenced by the attached trial transcript, the testimony related to the grand theft was inextricably intertwined with the evidence regarding the burglary and dealing in stolen property.   Indeed, the grand theft conviction was vacated with citations to <u>Blackmon v. State</u>, 121 So. 3d 535 (Fla. 2013) and section 812.025, Florida Statutes, which indicate that, while one may be charged with theft and dealing in stolen property, one cannot be convicted of both when the charges arise from one scheme or course of conduct. Defendant has shown no colorable legal grounds for a motion for new trial, and he is not entitled to relief on this basis.

Ex. J at 116-1.   On appeal, the First DCA affirmed without an opinion, an

adjudication on the merits entitled to deference under 28 U.S.C. § 2254(d).

*See* <u>Richter</u>, 562 U.S. at 99.

Importantly, as explained in the analysis of Ground 7, *supra*, in the brief

he filed in his appeal from the denial of his Rule 3.850 motion, Jackson

challenged only the denial of Grounds 1, 3, and 5 of his motion.   *See* Ex. K.

Because Jackson abandoned any challenge to the denial of his fourth ground

by not presenting in the brief he filed in his Rule 3.850 appeal, he did not

properly exhaust this claim in state court and he is now procedurally

defaulted as he has not shown cause for and prejudice from the default.

*See* O'Sullivan, 526 U.S. at 842; *see also, e.g.*, Smith, 256 F.3d at 1138.

Accordingly, this Court may decline to review the merits of his defaulted

claim.   *See, e.g.*, Philmore, 575 F.3d at 1265.

If considered, the record supports the state courts' determination.

*See* Wilson, 138 S. Ct. at 1192.   In particular, the state court record supports

the post-conviction court's findings that the testimony and evidence

concerning the grand theft, burglary, and dealing in stolen property charges

were "inextricably intertwined."   *See* Ex. C at 73-76, 79, 85-104; Ex. D at

119-21, 124-25; *see also* Ex. A at 89-91; 156-61.   As the court indicated,

the First DCA vacated the grand theft conviction because a defendant may

not be convicted of both theft and dealing in stolen property when the

charges arise from the same scheme or course of conduct.   *See* § 812.025,

Fla. Stat. (2013) ("Notwithstanding any other provision of law, a single

indictment or information may, under proper circumstances, charge theft and

dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.").

Petitioner Jackson has not shown the state court's rejection of this claim was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)-(2). This ground should be denied.

### Ground 10: IAC – Prosecutorial Misconduct

In his tenth ground, Petitioner Jackson asserts defense counsel provided ineffective assistance because he did not object "to multiple [instances of] prosecutorial misconduct during closing arguments[,] therefore also failing to preserve for appeal review." ECF No. 1 at 18-19. Jackson raised this claim as the fifth ground in his third amended Rule 3.850 motion. Ex. J at 105-07. The state post-conviction trial court summarily denied the claim, making the following findings:

> In his fifth ground, Defendant alleges that his counsel was ineffective for failing to object to prosecutorial misconduct during

the State's closing argument.   Specifically, the State argued in closing, "You – each one of you know what happened.   Each one of you know what happened.   He committed a burglary; he committed theft; dealing in stolen property; criminal mischief; pawn, fraud and grand theft of a firearm.   Each one of you know that that's exactly what happened.   That's what the evidence has shown you today, and that's what this testimony has shown you today."   Defendant argues that counsel was ineffective for failing to object to these statements, thus preserving them for appellate review.

In reviewing the comments, the Court finds no basis to conclude that they were improper or that an objection would have rendered a different result at trial.   Furthermore, Strickland prejudice is judged by the effect of the alleged error on the trial proceeding, not the effect on appeal.   *See* Strobridge v. State, 1 So. 3d 1240, 1242 (Fla. 4th DCA 2009) ("The prejudice in counsel's deficient performance [in failing to preserve error for appeal] is assessed based upon its effect on the results at trial, not on its effect on appeal.")   Consequently, Defendant is not entitled to relief on the basis of his final claim.

Ex. J at 117-18.   On appeal, the First DCA affirmed without an opinion, an adjudication on the merits entitled to deference under 28 U.S.C. § 2254(d). *See* Richter, 562 U.S. at 99.

A review of the record, and the comments in particular, supports the state courts' determination that the comments were not improper.   *See* Ex. D at 232.   Defense counsel did not object, but defense counsel did use the comments to make her own argument:

It's not what you know.   I know that's what Mr. Williams [the prosecutor] just said.   It's not what you know.   It's what they

have proven beyond a reasonable doubt. . . .

*Id*. at 236.

Petitioner Jackson has not shown the state court's rejection of this claim was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.   *See* 28 U.S.C. § 2254(d)(1)-(2).   This ground should be denied.

## Conclusion

Based on the foregoing, Petitioner Craig Warren Jackson is not entitled to federal habeas relief.   The § 2254 petition (ECF No. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## <u>Recommendation</u>

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No. 1).   It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 8, 2021.

<u>S/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**